BATES, (WHEELER v.)    See Case No. 17,-492.

BATES COUNTY, (HARSHMAN v.)    See Case No. 6,148.

BATLEY, (COLE v.)    See Case No. 2,977.

BATON ROUGE, (SPALDING v.)    See Case No. 13,200.

## Case No. 1,105.

### BATTEN v. CLAYTON.

Circuit Court, E. D. Pennsylvania. Dec. Term, 1848.

PATENTS FOR INVENTIONS— COMBINATION—NOVELTY—EVIDENCE—EXPERT WITNESS—PROVINCE OF COURT AND JURY—DISCLAIMER.

[1. Cited in 2 Whart. Dig. 408, to the point that a patent for a combination cannot be supported by evidence of novelty of one of its parts.]

[2. Cited in 2 Whart. Dig. 408, to the point that a combination, to be patentable, must effect a new result, or an old result by a new mode of action. There must be novelty either of product or of process.]

[3. Cited in 2 Whart. Dig. 409, to the point that the interpretation of the specification is for the court. Experts are examined only to

BATTEN (Case No. 1,106)  [2 Fed. Cas. page 1028]

aid in interpreting the language of art, as other translators are; and semble their evidence on this point is for the court, not the jury.]

[4. Cited in 2 Whart. Dig. 413, to the point that semble a patent under the act of 1836 is itself prima facie evidence of novelty and usefulness, and that plaintiff cannot give cumulative evidence on these points till they are controverted by defendant.]

[5. Cited in 2 Whart. Dig. 413, to the point that the seventh and ninth sections of the act of 1839, authorizing a disclaimer, do not apply where the patent is for combination of parts.]

[KANE, District Judge.]

[NOTE. This case has not been reported. It appears from the records of the circuit court of the United States for the eastern district of Pennsylvania that this was an action at law by Joseph Batten, patentee, and Samuel Batten, assignee, against Joseph Clayton and Enoch W. McGinnis, for infringement of letters patent. A nonsuit was awarded, subject to review by the court in banc on points presented. No further record of the case can be found.]